1 | **PERRY & SHAPIRO, L.L.P.**
3300 N. Central Avenue, #2200
2 | Phoenix, Arizona 85012
(602) 222-5711
3 | (602) 222-5701 Facsimile
(847) 627-8802 Facsimile
4 | AZNotices@logs.com, e-mail
Christopher R. Perry, Bar #009801
5 | Jason P. Sherman, Bar #019999
Attorneys for Chase Home Finance LLC
6 | [FILE 10-002052 CHE]

7

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

8

9

10 | In re:

11 | HARRY A. ISIKOFF,

12 |               Debtor.

13 | CHASE HOME FINANCE LLC, its assigns and / or successors-in-interest,

14 |               Movant,
v.

15 | HARRY A. ISIKOFF, Stanley J. Kartchner, Trustee,

16 |               Respondents.

Case # 4:10-bk-03517-EWH

Chapter 7 Proceedings

**MOTION FOR RELIEF
FROM THE AUTOMATIC STAY**

Re: Real Property located
at 10666 East Pantano Trail
Tucson, AZ 85730

17

18     Chase Home Finance LLC, ("CHASE"), through undersigned

19 counsel, moves this Court for an Order granting relief from the

20 automatic stay of 11 U.S.C. § 362 and any other limitations

21 against lien enforcement against the property, rents, issues,

22 and profits of Harry A. Isikoff, ("Debtor"); or, in the

23 alternative, conditioning the use, sale, or lease of such

24 property, rents, issues, or profits as is necessary to provide

CHASE with adequate protection of its secured interest in

certain real property. This Motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

Statement of Facts:

1. CHASE is the holder or servicer of a promissory note, ("CHASE Note"), made, executed, and delivered by Harry A. Isikoff and, Sharon J. Isikoff Husband and Wife as Community Property, on or about September 16, 2003 in the original sum of $240,000.00. The CHASE Note is secured by a Deed of Trust dated September 16, 2003, recorded as a lien in first position at Pima County Recorder's Number 20031830375 against certain real property, ("the Property"), generally described as 10666 East Pantano Trail, Tucson, AZ 85730 and legally described as:

> A TRACT OF LAND LOCATED IN A PORTION OF LOT 9 OF RINCON RANCH ESTATES, AS SHOWN BY MAP RECORDED IN BOOK 8 OF MAPS AND PLATS AT PAGE 8 , PIMA COUNTY, ARIZONA AND DESCRIBED AS FOLLOWS:
>
> COMMENCING AT THE NORTHWEST CORNER OF LOT 9 IN RINCON RANCH ESTATES AS RECORDED IN BOOK 8 OF MAPS AND PLATS AT PAGE 8 OF THE RECORDS OF PIMA COUNTY, ARIZONA, BEING A FOUND 2 INCH PIPE;
>
> THENCE SOUTH 5 DEGREES, 55 MINUTES, 35 SECONDS, EAST ALONG THE EAST LINE OF SAID LOT 9 FOR 447.06 FEET TO A FOUND LEAD CAPPED PIPE BEING THE POINT OF BEGINNING;
>
> THENCE SOUTH 23 DEGREES, 31 MINUTES, 38 SECONDS, WEST ALONG THE EAST LINE OF SAID LOT 9 FOR 275.26 FEET TO A SET NO. 4 REBAR WITH R.L.S. #26929 BRASS TAG;
>
> THENCE SOUTH 76 DEGREES, 06 MINUTES, 00 SECONDS, WEST ALONG THE SOUTHERLY LINE OF SAID LOT 9 FOR 267.17 FEET TO A SET NO. 4 REBAR WITH R.L.S. #26929 BRASS TAG;

1 THENCE NORTH 71 DEGREES, 59 MINUTES, 00 SECONDS, WEST
ALONG THE SOUTHERLY LINE OF SAID LOT 9 FOR 190.00 FEET
2 TO A SET NO. 4 REBAR WITH R.L.S. #26929 BRASS TAG;

3 THENCE NORTH 11 DEGREES, 47 MINUTES, 07 SECONDS, EAST
FOR 312.01 FEET TO A SET NO. 4 REBAR WITH R.L.S.
4 #26929 BRASS TAG;

5 THENCE NORTH 66 DEGREES, 50 MINUTES, 39 SECONDS, EAST
FOR 280.26 FEET TO A SET NO. 4 REBAR WITH R.L.S.
6 #26929 BRASS TAG;

7 THENCE SOUTH 55 DEGREES, 21 MINUTES, 56 SECONDS, EAST
FOR 277.72 FEET TO THE TRUE POINT OF BEGINNING . (JV
8 ARB 93)

9 TOGETHER WITH AN EASEMENT FOR INGRESS, EGRESS AND
UTILITIES AS DESCRIBED AS FOLLOWS:
10 A TRACT OF LAND LOCATED IN A PORTION OF LOT 9 IN
RINCON RANCH ESTATES AS RECORDED IN BOOK 8 OF MAPS AND
11 PLATS AT PAGE 8 OF THE RECORDS OF PIMA COUNTY, ARIZONA
AND DESCRIBED AS FOLLOWS:
12
COMMENCING AT THE NORTHEAST CORNER OF LOT 9 IN RINCON
13 RANCH ESTATES AS RECORDED IN BOOK 8 OF MAPS AND PLATS
AT PAGE 8 OF THE RECORDS OF PIMA COUNTY, ARIZONA,
14 BEING A FOUND 2 INCH PIPE;

15 THENCE SOUTH 67 DEGREES, 38 MINUTES, 24 SECONDS, WEST
FOR 83.73 FEET TO THE POINT OF BEGINNING OF SAID
16 EIGHTEEN FOOT EASEMENT BEING NINE FEET ON EACHSIDE OF
THE FOLLOWING DESCRIBED CENTERLINE:
17
THENCE SOUTH 10 DEGREES, 00 MINUTES, 56 SECONDS, EAST
18 FOR 61.22 FEET;
 THENCE SOUTH 15 DEGREES, 25 MINUTES, 58 SECONDS, WEST
19 60.61 FEET;
THENCE SOUTH 0 DEGREES, 56 MINUTES, 43 SECONDS, EAST
20 FOR 82.54 FEET;
THENCE SOUTH 17 DEGREES, 25 MINUTES, 59 SECONDS, WEST
21 FOR 50.92 FEET;
THENCE SOUTH 46 DEGREES, 52 MINUTES, 31 SECONDS, WEST
22 FOR 54.02 FEET TO THE POINT OF TERMINATION, SIDELINES
TO SAID EASEMENT TERMINATING AGAINST ROADS AND TRACT
23 B.

24 .

1  True and correct copies of the CHASE Note, Deed of Trust, and Assignment of the Deed of Trust are attached hereto as Exhibits 'A', 'B', and 'C'. Upon information and belief the property was transferred to the Debtor.

2.  The Debtor filed a Chapter 7 Bankruptcy petition on February 11, 2010.

3.  The regular monthly payments on the CHASE Note falling due since December, 2009 have not been paid.

4.  The total outstanding debt owed on the CHASE Note is now approximately $152,455.59.

5.  In accordance with the terms of the CHASE Note and Deed of Trust, the CHASE Note is in default and, accordingly, the entire unpaid principal balance together with interest, late charges, and attorney's fees and costs may be declared due.

6.  In connection with the above-described default, CHASE has incurred attorney's fees and costs to protect its secured interest.

7.  Upon information and belief, there is no equity in the Property because the liens exceed the fair market value thereof.

8.  Upon information and belief, the Property is not necessary for an effective reorganization.

9.  The secured interest of CHASE in the Property has not been adequately protected, nor has CHASE been offered adequate protection by the Debtor.

1 **Discussion:**

2    Bankruptcy Code § 362(d) provides for relief from the

3 automatic stay upon the request of a party in interest on either

4 of two grounds:    (1) for cause, including lack of adequate

5 protection of an interest in the property; or (2) the debtor has

6 no equity in the property and the property is not necessary for

7 an effective reorganization of the debtor.

8    The party seeking relief from the stay has the burden of

9 proof only on the issue of the debtor's equity in the

10 collateral; any party opposing the requested relief has the

11 burden of proof on all other issues.   11 U.S.C. § 362(g).

12 Therefore, unless a party opposing relief produces evidence on

13 these issues, CHASE is entitled to relief without presenting any

14 evidence whatsoever. See, In re L.H. & A. Realty Co., Inc., 57

15 B.R. 265 (Bankr. D. Vt. 1986).

16    **I.   LACK OF EQUITY IN THE PROPERTY**

17    Bankruptcy Code § 362(d)(2) authorizes the court to lift

18 the automatic stay of an act against property where the debtor

19 has no equity in such property and the property is not necessary

20 for an effective reorganization.   In re Diplomat Electronics

21 Corp., 82 B.R. 688 (Bankr. S.D.N.Y. 1988).

22    In determining whether there is equity in the property, all

23 encumbrances on the property, including all costs and fees must

24 be considered.   In re McCall, 25 B.R. 199 (Bankr. E.D. Pa.

1  1982); In re Taylor, 28 B.R. 691 (Bankr. S.D. Ohio 1983); In re

2  Paolino, 68 B.R. 416 (Bankr. E.D. Pa. 1986); In re Rye, 54 B.R.

3  180 (Bankr. D.S.C. 1985).

4      Where the Court is determining the equity in the property,

5  it is immaterial whether all the lienholders join in their

6  request for relief from the stay.  In re Nashua Trust Co., 73

7  B.R. 423 (Bankr. D.N.J. 1987).  In addition, the valuation

8  assigned to the subject property must be reduced by an amount

9  sufficient to cover the creditor's estimated cost of liquidating

10 the property.  La Jolla Mortgage Fund, 18 B.R. 283 (Bankr. S.D.

11 Cal. 1982).

12     In the instant case, CHASE alleges that there is no equity

13 in the Property and no prospect or intent to reorganize.  At the

14 final hearing on this Motion, if any, CHASE will produce

15 evidence that there is no equity in the Property.  Any party

16 opposing this Motion has the burden of proof on all other

17 issues.  11 U.S.C. § 362(g).

18     **II.  RELIEF FOR CAUSE - Lack of Adequate Protection**

19     Even where the debtor has equity in Property, relief for

20 cause may be granted by the Court pursuant to 11 U.S.C. §

21 362(d)(1), for cause, including where the Creditor's interest in

22 the property is not adequately protected.  In re Pliss, 34 B.R.

23 432 (Bankr. D. Or. 1983).

24

1  Any party opposing this Motion has the burden of proving a

2  lack of cause, even when the debtor asserts that the equity in

3  the property furnishes the creditor with adequate protection.

4  In re Kim, 71 B.R. 1011 (Bankr. C.D. Cal. 1987) (overruled on

5  other grounds).

6  The creditor's substantiated allegations that it is

7  entitled to relief for cause are sufficient for granting relief

8  if not refuted by the debtor. In re Marta Group, Inc., 33 B.R.

9  634 (Bankr. E.D. Pa. 1983). If the debtor fails to meet this

10  burden, the moving party is entitled to relief under §

11  362(d)(1). In re Kim, supra.

12  In the instant case, the Debtor has been in default under

13  the terms of the CHASE Note since December, 2009. This default

14  constitutes cause under § 362(d)(1). Additionally, the Debtor

15  has not provided CHASE with adequate protection of its interest

16  in the Property. Failure to provide adequate protection is also

17  cause to lift the automatic stay.

18  **III.  AUTOMATIC TERMINATION OF THE STAY AS A MATTER OF LAW**

19  The automatic stay is terminated as a matter of law 30 days

20  after this Motion is filed with the Court unless the Court,

21  after notice and a hearing, orders the stay continued in effect

22  pending the outcome of a final hearing on this Motion. 11

23  U.S.C. § 362(e).

24

# IV. PRE-FILING CERTIFICATION PURSUANT TO RULE 4001-1(b).

Pursuant to Local Rule 4001-1 (b), the undersigned hereby certifies that counsel for the movant sent a letter to counsel for the Debtor(s), or if unrepresented, directly to the Debtor(s) at least 5 business days before filing the present motion seeking to resolve the issues necessitating the motion, and that counsel for the movant received no response written or otherwise.

## REQUEST FOR RELIEF

For the foregoing reasons, CHASE respectfully requests:

1. That all stays, including but not limited to, any injunction, restraining order, and the automatic stay provided by 11 U.S.C. § 362 be terminated or modified to permit CHASE, the successor Trustee to the Deed of Trust, or such persons as the Court may deem appropriate, to take any and all action necessary and appropriate to enforce CHASE's interest against the Property, including, but not limited to, the right to declare all sums secured by the Deed of Trust to be immediately due and payable; to exercise any assignment of rents; to bring a foreclosure action in any Court of competent jurisdiction; to notice, conduct or continue a judicial foreclosure or Trustee's Sale; and to apply the proceeds therefrom as authorized by the Deed of Trust and applicable state law;

1    2.    That  pending  final  hearing  on  the  merits  hereof,  an

2    Order  may  be  entered  permitting  CHASE  to  record,  mail,  post,  and

3    publish  Notice  of  Trustee's  Sale  under  the  Deed  of  Trust  and

4    state  law,  except  that  CHASE  shall  be  directed  to  postpone  the

5    Trustee's  Sale  from  time  to  time  as  necessary  until  this  court

6    grants  further  relief  pursuant  to  11  U.S.C.  § 362(d)  or  (e),  or

7    until  the  automatic  stay  expires  by  operation  of  law.

8    In  the  alternative,  that  CHASE  be  awarded  adequate

9    protection  of  its  interest  in  the  Property,  more  specifically

10   that  the  Debtor  be  ordered  to  pay  all  amounts  now  in  arrears

11   under  the  Deed  of  Trust;  maintain  monthly  cash  payments  to  CHASE

12   equal  to  the  regular  monthly  payment  amount  for  the  continued

13   use  and  occupancy  of  the  Property  and  to  protect  the  interests

14   of  CHASE;  and  further  that  CHASE  shall  be  granted  immediate

15   relief  from  the  automatic  stay  for  any  failure  by  the  Debtor  to

16   adequately  protect  CHASE's  interest  in  the  Property  or  make  the

17   required  payments;

18   3.    That  this  Court's  Order  herein  be  binding  on  the

19   Debtor  with  respect  to  any  subsequent  conversion  to  another

20   chapter  or  subsequent  filing  of  another  bankruptcy  petition  by

21   the  Debtor  which  may  affect  CHASE's  interest  in  the  Property;

22   and

23

24

4. For such other and further relief as this Court deems just and equitable.

Respectfully submitted this _2&_ day of March, 2010.

Perry & Shapiro, L.L.P.

_____
Christopher R. Perry
Jason P. Sherman
Attorney for Chase Home Finance
LLC

Copy of the foregoing was mailed
this _24_ day of March, 2010 to:

Chapter 7 Trustee:
Stanley J. Kartchner
7090 N. Oracle Rd., Ste. 178-204
Tucson, AZ 85704

Attorney for Debtor:
James 1 Olsen
15396 North 83rd Avenues
Suite F-101
Peoria, AZ 85381


Debtor:
Harry A. Isikoff
10666 East Pantano Trail
Tucson, AZ 85730

United States Bankruptcy Court
38 S Scott Ave, Suite 204
Tucson, AZ 85701

```
 1  Bank One/Chase
    8333 Ridgepoint Dr
 2  Irving, TX 75063

 3  IRS Federal Taxes
    PO Box 21126
 4  Philadelphia, PA 19114

 5

 6
    By _Anne-Mallette_____
 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
```